UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-0178 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| BRIAN WILLIAM PEHRSON, | |
| Defendant. | |

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Brian William Pehrson, pro se.

Defendant Brian William Pehrson is serving a 180-month sentence after pleading guilty to possessing with intent to distribute methamphetamine. ECF No. 55 at 1–2. This matter is before the Court on his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau

of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP. As a result, a number of circuits have held that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The Eighth Circuit has not resolved this issue, but the court has recently clarified that although district courts should not treat § 1B1.13 as binding, they may not ignore it altogether. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). This holding accords with this Court's approach of affording deference to § 1B1.13's definition of "extraordinary and compelling." *See United States v. Logan*, 532 F. Supp. 3d 725, 730 (D. Minn. 2021). Accordingly, while the Court recognizes that it has the discretion to grant a sentence reduction even in circumstances that do not comport with the terms of § 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining whether and how to exercise its discretion.

Pehrson gives three reasons to reduce his sentence. First, he cites the general threat that COVID-19 poses to prisoners. ECF No. 63 at 4–6. Second, he claims that he is at increased risk of severe illness from COVID-19 because of various medical conditions. *Id.* at 1, 6; ECF No. 74 at 3–4. And third, he mentions his desire to care for

his mother.  ECF No. 63 at 1, 7; ECF No. 74 at 4.  These reasons do not—individually or in combination—provide an extraordinary and compelling basis for Pehrson's release.

Circumstances at FCI Sandstone, where Pehrson is confined, ECF No. 63-1, belie his claim that "COVID-19 presents a clear and present danger for individuals who are in custody."  ECF No. 63 at 4 (quoting *United States v. Plunk*, 453 F. Supp. 3d 1308, 1313 (D. Alaska 2020)).  *Plunk* was decided at the beginning of the pandemic, when there was no vaccine and the spread of COVID-19 was rampant in some prisons.  *See, e.g.*, *United States v. Stone*, No. 2:09-cr-20074, 2020 WL 3429452, at *3 & n.5 (W.D. Ark. June 23, 2020). The situation has changed dramatically.  Over 91% of the inmates at FCI Sandstone are now fully vaccinated, and not a single inmate or staff member is currently infected.[1] Even if, as Pehrson fears, "COVID-19 once again flares up at his institution," ECF No. 74 at 3–4, the spread of the disease would be blunted by the high rates of immunity among the inmates and staff and by treatments that were not available in 2020, and most inmates would experience only mild symptoms, if any.  *See United States v. Derden*, No. 12-CR-0012 (PJS/SER), 2021 WL 3721848, at *2.

---

[1] *See* Fed. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/index.jsp (last visited Apr. 12, 2022) (983 fully vaccinated inmates, 179 fully vaccinated staff members, no current cases among inmates or staff); Fed. Bureau of Prisons, *FCI Sandstone*, https://www.bop.gov/locations/institutions/sst (last visited Apr. 12, 2022) (1075 total inmates).

Pehrson does have several medical conditions and a medical history that may increase his risk of severe illness from COVID-19: These include obesity, ECF No. 73 at 4 (showing body-mass index ("BMI") of 30.9),[2] high cholesterol, *id.*, an increased risk of diabetes, *id.* at 94, a provisional diagnosis of a high risk of coronary arterial disease, *id.* at 4, and a history of smoking marijuana, *id.* at 49.[3] Pehrson's sister also corroborates his claims of a family history of early death from heart disease. ECF No. 65 at 2.[4]

But Pehrson's risk of serious complications is heavily mitigated by three facts. First, Pehrson attests that he received the Johnson & Johnson vaccine in "the fall of 2020." ECF No. 75. That date cannot be correct; the Johnson & Johnson vaccine was not approved by the Food and Drug Administration until February 2021.[5] But presumably

---

[2]*See* Ctrs. for Disease Control & Prevention, *Defining Adult Overweight & Obesity* (June 7, 2021), https://www.cdc.gov/obesity/adult/defining.html (defining the least severe class of obesity by BMI of at least 30 and less than 35).

[3]*See* Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions* (Feb. 25, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html; Canadian Ctr. on Substance Use & Addiction, *COVID-19 and Cannabis Smoking and Vaping: Four Things You Should Know* (2020), https://www.ccsa.ca/covid-19-and-cannabis-smoking-and-vaping-four-things-you-should-know-report.

[4]Pehrson also says he has a heart murmur, ECF No. 63 at 1, but his medical records do not support that assertion, ECF No. 73 at 59.

[5]*See* U.S. Food & Drug Admin., *Janssen COVID-19 Vaccine* (Apr. 7, 2022), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/janssen-covid-19-vaccine.

Pehrson is correct about being vaccinated. The "risk of serious complications from COVID-19 is not extraordinary and compelling when experienced by a vaccinated inmate." *United States v. Cesario*, No. 14-CR-0092 (PJS/TNL), 2021 WL 2201550, at *1 (D. Minn. June 1, 2021).

Second, Pehrson recently contracted and recovered from COVID-19—and, incidentally, was asymptomatic despite his medical conditions. *See* ECF No. 73 at 25. That will give him natural immunity to the virus, in addition to the immunity provided by the vaccine. *See Derden*, 2021 WL 3721848, at *2.

And third, Pehrson can obtain greater immunity by electing to receive a booster shot.[6] A booster will not make Pehrson invulnerable to COVID-19, but it will further reduce his risk of serious complications. *See id.*[7]

---

[6]Nat'l Insts. of Health, *Mix-and-Match Trial Finds Additional Dose of COVID-19 Vaccine Safe, Immunogenic* (Jan. 26, 2022), https://www.nih.gov/news-events/news-releases/mix-match-trial-finds-additional-dose-covid-19-vaccine-safe-immunogenic (finding that "[a]ll combinations of primary and booster vaccine resulted in increased neutralizing antibody levels").

[7]Pehrson asserts, without support, that "CDC officials" have "reported the current vaccines that are being administered are useless against the Omicron variant." ECF No. 63 at 3. But the CDC says no such thing; rather, the CDC says that currently approved vaccines "protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." Ctrs. for Disease Control & Prevention, *Omicron Variant: What You Need to Know* (Mar. 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.

Pehrson also asks to be released so that he can care for his 81-year-old mother, who needs surgery on her back. ECF No. 63 at 1, 7.[8] Pehrson's desire to help his mother is commendable, but it is not an extraordinary and compelling reason for release, especially because others are available to care for his mother. *Cf.* U.S.S.G. § 1B1.13 comment. (n.1(C)).

Even if Pehrson had provided an extraordinary and compelling reason for release, the Court would nevertheless deny his motion because the § 3553(a) factors weigh strongly against his release. Pehrson is roughly one year into a 15-year sentence—a mandatory minimum sentence that Congress decided should apply to him because of the seriousness of his crime (possessing with intent to distribute about 900 grams of a mixture or substance containing at least 50 grams of actual methamphetamine, ECF No. 26 ¶¶ 1, 3) and his long criminal history (which includes a previous conviction for attempting to possess with intent to distribute methamphetamine, *id.* ¶ 40). Pehrson is in prison because, less than two years after serving a long prison sentence for being involved in trafficking methamphetamine, he returned to trafficking methamphetamine. ECF No. 26 ¶¶ 8–9, 40. Cutting Pehrson's sentence from 15 years to about one year (even if that year is followed by home

---

[8]That the government did not respond to this point does not eliminate Pehrson's burden to demonstrate extraordinary and compelling reasons justifying his relief. *See United States v. Rodriguez*, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021).

confinement) would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, or avoid unwarranted sentence disparities between him and other defendants with similar records and convicted of similar conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(B), (a)(6).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant's motion for compassionate release [ECF No. 63] is DENIED.

Dated:  April 12, 2022

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge